THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>               Plaintiff,<br>    v.<br><br>KING COUNTY, *et al.*,<br><br>               Defendants. | CASE NO. C24-1194-JCC<br><br>ORDER |

        This matter comes before the Court upon *sua sponte* § 1915 review of Plaintiff's civil rights complaint (Dkt. No. 6). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* (Dkt. No. 1). On August 8, 2024, the Honorable S. Kate Vaughan, U.S. Magistrate Judge, granted Plaintiff's application. (*See* Dkt. No. 5.) Summons has not yet issued.

        A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to avoid dismissal for failure to state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that

1 is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Sufficient factual allegations
2 must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.
3 544, 555 (2007).

4     Plaintiff's suit under 42 U.S.C. § 1983 targets King County and Judge Adrienne McCoy
5 ("Defendants"). (*See* Dkt. No. 6 at 1.) Plaintiff asserts Defendants removed her children without
6 her consent or legal authority, thereby depriving Plaintiff of her right "to be free from excessive
7 interference with her family relationships and to due process." (*Id*. at 4–5.) Last year, Plaintiff
8 filed a similar complaint alleging that the Superior Court of King County, a King County judge,
9 and a law enforcement official unlawfully removed her daughter from her custody and issued a
10 dependency order to place her daughter in the foster care system. *See Zayas v. King County*,
11 Case No. C23-1279-JCC, Dkt. No. 5 at 3–4 (W.D. Wash. 2023).

12     In that complaint, Plaintiff asserted that the defendants used defective court forms and
13 misapplied state law. *See generally id*. Citing the relevant immunities,[1] the Court issued a minute
14 order requiring Plaintiff to either provide facts to overcome those immunities or name defendants
15 not subject to those immunities. *Id*. at Dkt. No. 6 at 3. When Plaintiff failed to do so, the Court
16 dismissed her case. *Id*. at Dkt. No. 11. The instant complaint appears similar to the last. Her
17 argument, much like the last, is thus conclusory and fails to state a facially plausible claim for
18 relief, in light of relevant immunities.

---

[1] Judges have absolute immunity for any acts they perform that relate to the "judicial process." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Absolute immunity only fails to attach to judicial officers when they act clearly and completely outside the scope of their jurisdiction. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985). Furthermore, the King County Superior Court is exempted from the majority of claims against judicial officers acting in their official capacity. *See* 42 U.S.C. § 1983; *Wolfe v. Strankman,* 392 F.3d 358, 366 (9th Cir. 2004). Lastly, government officials are entitled to qualified immunity, which "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013). To pierce that immunity, the "contours of the [violated right] must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)).

ORDER
C24-1194-JCC
PAGE - 2

Accordingly, and pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), the Court DISMISSES the instant complaint *with* prejudice and *without* leave to amend.[2]

DATED this 12th day of August 2024.

　　　　　　　　　　　　　　　　　　　John C. Coughenour
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] Typically, the Court will dismiss a claim without leave to amend if "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). Given the frivolousness of this complaint, and in light of the clear instruction provided in response to prior filings, *see, e.g., Zayas v. King County*, Case No. C23-1279-JCC, Dkt. No. 6 at 3 (W.D. Wash.), the Court finds that further amendment would be futile and that a dismissal with prejudice is warranted here.